No. 13-0544 *Lawyer Disciplinary Board v. Hussell*

Justice Workman, concurring:

I concur with the decision of the majority in this case. As explained by the majority, the HPS found that attorney John Hussell violated the West Virginia Rules of Professional Conduct and recommended that Mr. Hussell be sanctioned by suspension for ninety days, supervised practice for one year, psychiatric treatment, and reimbursement of costs. In the vast majority of lawyer disciplinary cases, this Court adopts such findings and recommendations. However, this Court has the ultimate decision-making authority on lawyer ethics and on occasion decides to set the matter for full hearing, after which it may accept or modify the HPS recommendations. As succinctly stated in *Committee on Legal Ethics v. McCorkle*, 192 W.Va. 286, 452 S.E.2d 377 (1994), "this Court independently examines each case on its own merits in determining what, if any, disciplinary action is warranted." 192 W.Va. at 290, 452 S.E.2d at 381.[1] Ironically, this matter was set for a full

---

[1]Rule 3.12 of the Rules of Lawyer Disciplinary Procedure provides:

If the parties consent to the recommended disposition, the matter shall
(continued...)

1

hearing due to our concerns regarding possible over-leniency in this disciplinary action against lawyer John Hussell.

Having examined this matter in its entirety, with due regard to the applicable standards of review,[2] it is now clear that there is no factual dispute that the sexual

---

[1](...continued)
be filed with the Supreme Court of Appeals for entry of an order consistent with the recommended disposition. If the Court does not concur with the recommended disposition, the Clerk of the Supreme Court of Appeals shall promptly establish a briefing schedule and notify the parties of the date and time of oral argument or submission of the case without oral argument before the Supreme Court of Appeals. Whenever the Office of Disciplinary Counsel advocates any position before the Supreme Court of Appeals which differs from findings of fact, conclusions of law, or recommended disposition of the Hearing Panel Subcommittee, it shall provide notice to the Hearing Panel Subcommittee, whether by service of a copy of its brief or otherwise, and the Hearing Panel Subcommittee shall be permitted, if it so desires, to file, within thirty days of receipt of such notice, its own brief before the Supreme Court of Appeals, in support of its findings of fact, conclusions of law, and recommended disposition. Following oral argument or submission of the case without oral argument, the Court will file an opinion or order disposing of the case. Unless otherwise provided in the Court's opinion or order, any sanction will not take effect until after expiration of the rehearing period or the denial of any petition for rehearing.

[2]"A *de novo* standard applies to a review of the adjudicatory record made for the Committee on Legal Ethics of the West Virginia State Bar [currently, the Hearing Panel Subcommittee of the Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the Committee's recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the Committee's finding of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record." *McCorkle*, 192 W.Va. at 287, 452 S.E.2d at 378, syl. pt. 3.

2

relationship between Mr. Hussell and Mrs. Carolyn L. did not commence until all legal representation in the estate planning matters had concluded. Again, there is no factual dispute that Mr. James L. discharged Mr. Hussell as attorney in these matters and that no further legal representation by Mr. Hussell was thereafter undertaken. What muddies up the waters is that, prior to Mr. James L. terminating Mr. Hussell, a letter outlining the "rules" of continued joint representation of the L's designed to protect each of their interests had been sent to the L's. It is unclear why Mr. L signed and returned the letter in view of the fact that he had just fired Mr. Hussell shortly before.

Additionally, the HPS felt that Mr. Hussell improperly represented Mrs. Carolyn L. in connection with the divorce pending between the L's by giving her legal advice on marital property and alimony matters. Mr. Hussell did not undertake any type of representation of Mrs. L. in the divorce matter. Consequently, the majority concludes that Mr. Hussell did not commit an ethical violation sanctionable by the West Virginia Rules of Professional Conduct. Had the evidence demonstrated that a sexual relationship existed between Mr. Hussell and Carolyn L. during Mr. Hussell's legal representation of her and/or her husband, this Court unquestionably would have found violations of the Rules of Professional Conduct, and Mr. Hussell would have been sanctioned accordingly.

The wiser course for Mr. Hussell to have followed was to memorialize the termination of the legal representation agreement in this matter by means of an unequivocal

3

disengagement letter by Mr. Hussell. Although there is no current ethical rule that requires such a disengagement letter, if an attorney wishes to avoid allegations of ethics violations for questionable conduct with a former client, he or she would be well-advised to specifically and emphatically memorialize key elements of the process of legal representation and its termination.

In consequence of our full review of this record, I must concur with the majority that the HPS failed to prove the charges contained in its report by clear and convincing evidence.[3] Hopefully, though, this case will capture the attention of the Bar for the principle that attorneys should document termination of representation agreements for both the clients' protection as well as the lawyers' protection.

---

[3]Rule 3.7 of the West Virginia Rules of Lawyer Disciplinary Procedure states: "In order to recommend the imposition of discipline of any lawyer, the allegations of the formal charge must be proven by clear and convincing evidence."